IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSANNA FERNANDEZ,

        Plaintiff,

v.                                                                                   CIV 99-545 MV/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court on the Motion to Remand or Reverse *(Doc. 10)* filed by Plaintiff ("Fernandez"). The Commissioner of Social Security issued a final decision denying Fernandez' application for disability insurance benefits, supplemental security income, and for a period of disability. Having reviewed the pleadings, the parties' arguments, the administrative record and the relevant law, I find that this appeal is not well taken and recommend that the decision of the Administrative Law Judge ("ALJ") be affirmed.

### A. Facts/Procedural Background.

       Fernandez was 54 years old when the ALJ rendered her decision denying Plaintiff's applications for benefits. *AR 22*. Fernandez alleged disability beginning June 15, 1996 as the result of an on-the-job back injury when a co-worker accidentally struck her with a row of shopping carts he was pushing. *AR 115, 191, 224*. The ALJ concluded that Fernandez was not disabled in that she could perform a wide variety of light jobs available in the economy. *AR 23*.

1

The Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner for purposes of review by this Court under 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

Review in social security cases is limited to considering whether there is substantial evidence in the record to support the Secretary's decision and whether the correct legal standards were applied. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir.1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). I am not permitted to reweigh the evidence or substitute my judgment for that of the Secretary. *Hamilton,* 961 F.2d at 1500. "As long as substantial evidence supports the ALJ's determination, the Secretary's decision stands." *Id.*

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 and 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that (1) she is not engaged in substantial gainful employment; (2) she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities; (3) her

impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or (4) she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id*.

### C. Issues.

Fernandez asserts three grounds for remand or reversal: (1) the hearing transcript filed is incomplete and thereby precludes fair review; (2) the ALJ erroneously found that Fernandez could perform work requiring six hours of standing in a day; (3) the hypothetical question to the vocational expert did not include all of Fernandez' credible complaints. As discussed below, I find each of these points to be without merit.

*1. Fernandez suffered no prejudice from the initially missing pages of the record.*

The originally filed administrative record lacked the last 27 pages of the hearing, *AR 59-88*, but the Commissioner filed the missing pages with the Court November 30, 1999 and served Fernandez with a copy the same day. *(Doc. 8)*. Thus, the Court has had an opportunity to review the entire record in light of all Fernandez' arguments.

Although Fernandez did not have a chance to refer to those pages before she served the motion to remand on Defendant, she devoted approximately one full page of her reply brief to the matters in those pages of the transcript. *(Doc. 12)*. Nothing precluded her from more fully developing information and arguments related to those new transcript pages in that reply memorandum. Indeed, she had at least two months from the time the Commissioner served her

3

with the missing pages until she was required to file her reply brief. Because she was capable of fully addressing her allegations of error, the late filing of the transcript pages cannot be said to have prejudiced her. Thus, Plaintiff's request to strike the supplemental filing of missing pages is without merit.

2. *Substantial evidence supports the ALJ's finding that Fernandez could perform light work.*

The ALJ found that Fernandez retained the residual functional capacity to sit, stand, and walk for six hours in an eight-hour day; could lift or carry 10 pounds frequently and 20 pounds occasionally, but could not do frequent bending, stooping, or lifting. *AR 22*. Although these limitations precluded Fernandez from doing her past relevant work, the vocational expert concluded that Fernandez could do other jobs that existed in the regional and national economies in sufficient numbers. *AR 23, Doc. 8, 78-83*. Fernandez argues that the ALJ erroneously found that Fernandez could stand for six hours a day, and, therefore, her decision must be reversed.

Substantial evidence in the record supports the ALJ's finding that Fernandez could do light work. Despite Plaintiff's testimony to the contrary, Dr. Powell's Residual Function Capacity ("RFC") assessment found that Plaintiff could stand six hours in a day. Fernandez' treating physician, Dr. Anthony Reeve, believed that she could perform light duty. Dr. Reeve concluded 10 days after her alleged onset date that she had reached maximum medical improvement, with a 10 percent impairment rating, and released her to light duty.[1] *AR 179*. He restricted her only from jobs requiring lifting more than 20 pounds and pushing or pulling more than 50 pounds.

Dr. Reeves' opinion was consistent with that of another of Fernandez' treating physicians,

---

[1] Reeves' notes indicate that Fernandez told him that she had quit her job because her eyes bothered her. *AR 178*. Fernandez admitted that her vision may have been blurry because she needed different glasses. *AR 169*.

a Dr. Reichle. *AR 194*. Fernandez also received care from Dr. Paul Walsky. He concluded that she would recover from her injury with therapy and vocational training. *AR 197*. Likewise, Dr. Karyn Doddy refused to give Fernandez a handicap sticker because she wanted Fernandez to walk as much as possible to recover. *AR 210, 218*. Dr. Doddy opined that Fernandez was extremely deconditioned, which intensified her symptoms, and she "had an inadequate trial of active physical therapy." *AR 222*.

In sum, every doctor who encountered Fernandez believed she was able to do at least light work, and not one thought she was disabled. Moreover, a claimant is informed that if she does not "follow the prescribed treatment without a good reason, we will not find you disabled. . . ." 20 C.F.R. § 404.1530(C)(1-5). Fernandez did not justify her failure to participate in the physical therapy the doctors had prescribed for her. Correctable vision problems were not a good reason to quit working.

Finally, light work does not necessarily involve six hours of standing. 20 C.F.R. § 404.1567(b). There is simply no medical evidence in the record, either from treating physicians or from consultative examinations, that characterizes her as capable of anything less light work. Thus, substantial evidence in the form of uncontroverted medical opinions supports the ALJ's decision.

### *3. The ALJ's hypothetical question to the vocational expert was proper.*

It is unclear from Fernandez' motion and reply brief what limitations she wanted the ALJ to include in the hypothetical to the vocational expert. Nevertheless, it appears that the ALJ did include the limitations on bending, stooping and lifting. *AR 22, Doc. 8, 77*. An ALJ does not, however, need to include facts in a hypothetical to the vocational expert unless the record

5

supports those facts. *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). In the present case, the ALJ's hypotheticals assumed the validity of the uncontroverted opinions of Fernandez' treating physicians, and were therefore proper.

### E. Conclusion.

For the foregoing reasons, I recommend that the Court affirm the decision of the ALJ in full, and deny Fernandez' Motion to Remand or Reverse. Objections to the foregoing may be timely made under 28 U.S.C. § 636(b)(1).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**        James A. Burke
                                  Santa Fe, New Mexico

**Counsel for Defendants:**       Christopher Carillo
                                  Dallas, Texas
                                  Raymond Hamilton
                                  Albuquerque, New Mexico